IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JERRY CLAFLIN, Personal Representative of the )
Estate of Curtis Claflin; ET AL., )
                                                                                             )
                        Plaintiffs, )     Civil No. 06-1047-JO
                                                                              )
          v. )     <u>O R D E R</u>
                                                                              )
TDY Industries, Inc., doing business as )
Wah Chang, )
                                                                              )
                        Defendant. )

    David W. Penoyer
    Thomas D. D'Amore
    D'AMORE & ASSOCIATES PC
    506 S.W. Sixth Avenue, Suite 700
    Portland, OR  97204

    W. Eugene Hallman
    HALLMAN & DRETKE
    104 S.E. Fifth Street
    P. O. Box 308
    Pendleton, OR  97801

     Attorneys for Plaintiffs

      Stephanie L. V. Hendricks
      Vicki L. Smith
      LANE POWELL, PC
      601 S.W. Second Avenue, Suite 2100
      Portland, OR  97204-3158

        Attorneys for Defendant

JONES, Judge:

      Plaintiffs Jerry Claflin and Pam Claflin are the parents and beneficiaries of the estate who brought this wrongful death action on behalf of 23-year-old Curtis Claflin ("decedent"), who died from asphyxiation in a workplace accident during the course of his employment as an industrial tank inspector for Beall Transport Equipment Co. ("Beall").  Department of Transportation regulations require that commercial transport tanks be inspected periodically, and Beall assigned decedent to inspect a large industrial tank that defendant TDY Industries, Inc., dba Wah Chang, had used to transport the chemical silicon tetrachloride.  Before turning it over to Beall for a routine inspection, defendant washed out the tank and then pumped it full of nitrogen gas to purge it, thereby creating an oxygen-deficient atmosphere inside the tank before it was transported to Beall's premises for inspection.  Decedent was unaware that the air inside was not breathable when he opened the hatch and entered the tank, and was later found unconscious on the bottom of the tank by his supervisor.  He could not be resuscitated.

      In its motion for summary judgment (#38), defendant contends that the undisputed facts show that plaintiffs' negligence per se claim based on "indirect employer/common enterprise" and "vice principal" theories of liability under the Employer Liability Law ("ELL"), fails as a matter of law.  Defendant further contends that if plaintiffs cannot establish a cause of action pursuant to the ELL, their common-law negligence claim also fails as a matter of law.

2 - ORDER

I have reviewed all of the parties' submissions, and conclude that the undisputed facts establish that Beall was an independent contractor, so that defendant asserted no control over the process Beall or its employees used to transport, prepare, or inspect the tank at issue. Further, because defendant did not co-mingle its employees with Beall, and it is undisputed that defendant did not have any employees responsible for working with or directing decedent during the performance of the duties that resulted in his unfortunate death, defendant cannot be held liable under the ELL. Accordingly, defendant's motion for summary judgment is GRANTED IN PART with respect to plaintiffs' ELL claim.

However, I conclude that plaintiff has provided sufficient evidence to support a common law negligence claim against defendant for failure to adequately warn the decedent of the dangerous condition inside the tank, and that summary judgment is not appropriate with respect to this claim because there is a sharp dispute of material facts that must be resolved by the trier of fact. Accordingly, defendant's motion for summary judgment with respect to plaintiffs' common law negligence claim is DENIED.

Defendant's motion (#63) to strike the declaration of Emily F. Terriquez, pursuant to Fed. R. Evid. 803(6) and 901 is GRANTED. Defendant's motion (#65) to strike the declaration of Kenneth White, is DENIED. I find that White meets all of the criteria of Daubert and its

3 - ORDER

progeny. At the pretrial conference, I will examine and limit the scope of what White can testify about, eliminating his conclusions as to what is legal or not.

DATE this 17th day of April, 2008.

/s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge

4 - ORDER